IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VERNON SPEESE, | § | |
| | § | |
| Defendant Below, | § | No. 184, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1305000437 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 4, 2016
Decided: September 29, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 29th day of September 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Vernon Speese, filed this appeal from the Superior Court's March 11, 2016 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Speese's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, in April 2014, Speese pled guilty to two counts of Home Improvement Fraud and two counts of Theft. Speese was

sentenced as follows: (i) for one count of Home Improvement Fraud, three years of Level V incarceration, with credit for forty-two days served, suspended for one year of Level II probation; (ii) for the other count of Home Improvement Fraud, two years of Level V incarceration, suspended for one year of Level II probation; (iii) for one count of Theft, two years of Level V incarceration, suspended for one year of Level II probation; and (iv) for the other count of Theft, two years of Level V incarceration, suspended for one year of Level II probation. Speese did not appeal the Superior Court's judgment.

(3) In January 2016, a capias was issued for Speese's third VOP. It was alleged that Speese had failed, among other things, to report to his probation officer and to provide verification of his attendance at substance abuse treatment meetings. On March 11, 2016, the Superior Court found that Speese had violated his probation. Speese was sentenced as follows: (i) for one count of Home Improvement Fraud, three years of Level V incarceration, with credit for ninety-six days served, suspended for eight months of Level IV Work Release, followed by one year of Level II probation; (ii) for the other count of Home Improvement Fraud, two years of Level V incarceration, suspended for one year of Level II probation; (iii) for one count of Theft, two years of Level V incarceration, suspended for one year of Level II probation; and (iv) for the other count of Theft,

2

two years of Level V incarceration, suspended for one year of Level II probation. This appeal followed.

(4) In his opening brief, Speese argues that he was on Level II probation at the time of his VOP and should have been sentenced to Level III probation under the Sentencing Accountability Commission ("SENTAC") guidelines. It is well-settled that the SENTAC guidelines are non-binding and do not provide a basis for appeal of a sentence that is within the authorized statutory limits.[1] Once Speese committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Speese's sentence.[2] The Superior Court could have sentenced Speese to more than eight years of Level V incarceration, but instead sentenced Speese to Level IV Work Release. This sentence was within the authorized statutory limits and Speese has not shown that the sentence was arbitrary or excessive.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).